Latonia Smith
911 Parr Blvd.
Reno, NV 89512

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Latonia Smith,
    Plaintiff

-vs-

Sheriff Darin Balaam
AND
Washoe County Sheriff's Office,
    Defendant(s)

Case No.

COMPLAINT

FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD
DEC 7 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

1  This case requires reassignment by the Ninth Circuit
2  since all Nevada judges have recused themselves
3  from dealing with Ms. Smith (Plaintiff), claiming
4  to be victims of free speech.
5  Introduction
6  Plaintiff (Smith) is currently a Las Vegas, Federal,
7  political prisoner being held in Reno, NV at
8  the Washoe County jail for reasons unknown.
9  According to the Federal statute Smith is
10 charged with, Supreme Court opinion, and the
11 laws of the U.S. Constitution, Smith committed
12 no crime, yet the district judge refuses to
13 release her from detention (a matter being taken
14 up with the appellate court). It is believed that
15 since conditions at the county jail are drastically
16 worse than Federal detention, Smith is being held
17 there as a form of racially-motivated punishment.
18 Hence the backdrop to this current lawsuit.

(1)

# Background

1. On July 18 2022 Plaintiff was removed from Federal
2. detention at Nevada Southern Detention Center, in
3. Pahrump, NV, and transported to the Washoe County
4. jail.
5. Upon arrival at Washoe County, Plaintiff was not given
6. a meal for the next 24 hours. Plaintiff was given
7. breakfast and lunch the next day, both of which she
8. threw up after feeling ill. Plaintiff did not eat
9. dinner that day or for the next 3 days due to being
10. ill. Since Plaintiff could not identify whether it was
11. breakfast or lunch that caused her to become ill,
12. 3 days later she only consumed breakfast. Plaintiff
13. became ill and threw up. Plaintiff did not eat
14. for the rest of the day or for the next 3 days.
15. After 3 days, Plaintiff skipped breakfast and
16. just ate the lunch. Plaintiff again became ill
17. and threw up. Plaintiff did not eat for the rest
18. of the day or the next 8 days.
19. 
20. Since the facility was changing systems, Plaintiff
21. could not put in a grievance so she requested boost
22. from officers in Housing Unit 3. Plaintiff's requests
23. were ignored until 1 officer who became
24. concerned ordered liquid boosts for Plaintiff.
25. Plaintiff got 1 boost for breakfast, 1 boost
26. for lunch, and ate the regular dinner trays

(2)

1  (after skipping breakfast and lunch and just having
2  dinner, Plaintiff had no dietary issues with dinner).
3  This arrangement lasted only for 6 days! because
4  someone on top decided that Smith should not have
5  boost and should starve. Plaintiff only had dinner as a
6  food option.
7  When the facility's system was back up and running
8  (a few days later), Plaintiff went to see if she could
9  purchase her own food from commissary. Plaintiff
10 was restricted. Plaintiff contacted medical through
11 a kiosk request, in July 2022 (or early August 2022)
12 to see why she could not order and was told that
13 it's "a privilege she doesn't have."
14 After randomly hitting a tab that said 'special',
15 Plaintiff found that she could order from an
16 over-priced specialty place called Burger Barn,
17 although she could not order regular commissary.
18 Plaintiff ordered 1 meal, approximately 3 times,
19 in the month of August. She was then
20 restricted after the people on top saw that
21 Plaintiff was not further restricted from
22 ordering from Burger Barn.
23 Plaintiff was back to only having dinner as
24 a food option.
25 Plaintiff actively sought to internally remedy the issue.

(3)

1. On 9/7 at 7:54 P.M. Plaintiff sent a request to medical for liquid boost 1-2 times a day. Plaintiff got no response.
2. On 10/9 at 7:45 A.M. Plaintiff sent a second medical request for boost 1-2 times a day explaining her dietary issue and the significant weight loss she was experiencing.
3. On 10/11 at 7:55 P.M. I. Barrera responded that it was not a medical concern.
4. On 10/12 at 8:07 A.M., Plaintiff sent a third medical request for boost arguing that it was a medical concern.
5. On 10/13 at 11:13 P.M. S. Johnson responded that it was not a medical concern.
6. On 10/12 at 8:12 A.M., Plaintiff filed a grievance concerning her dietary issues with breakfast and lunch. Plaintiff once again requested boost or an alternative meal for lunch -- peanut butter/jelly, ham/bread, just bread, or unrestriction from commissary (All options Plaintiff is aware are available at the facility). Plaintiff only asked to supplement lunch as not to complicate matters. There was no response (the grievance was set to pending and is still pending this day).
7. On 10/15 at 8:24 A.M., Plaintiff filed a new grievance with the same facts.

(4)

1  On 10/17 at 12:01 A.M. Deputy McBride responded
2  to have the issue transferred. The grievance was
3  set to pending and is still pending this day.
4  On the morning of 10/31, Plaintiff's mom called
5  the facility explaining the same issue, and spoke
6  to the sergeant on shift who informed Plaintiff's
7  mom that Plaintiff was not restricted from
8  commissary and could buy her own food.
9  Plaintiff attempted to buy her own food after this
10 and was restricted.
11 On 11/3, Plaintiff was weighed and had lost 32 lbs
12 since arriving at the facility. Still, nothing was
13 done.
14 Plaintiff informed her mom and sent a request on
15 11/16 at ~11:00 A.M. requesting to order her own
16 food. The request was set to pending and is
17 still pending this day.
18 On the morning of 11/17, Plaintiff's mom called
19 the sergeant on duty again. Plaintiff's mom
20 was once again informed that Plaintiff could
21 order food from the commissary. After another
22 attempt order by Plaintiff, this was found to be
23 untrue.
24 On 11/17 at 10:03 A.M. Plaintiff gave notice to
25 Sheriff Balaam and the facility that she would
26 file suit if she continued to be ignored.

(5)

1  On 11/28 Plaintiff was informed by the inmates to try
2  requesting a veggie lunch since it provides for plain
3  bread (one of Plaintiff's alternate meal suggestions).
4  On 11/30 Plaintiff made a final attempt requesting
5  a veggie lunch and was told that her request
6  would be denied.
7  Plaintiff charges two §1983 claims against
8  Sheriff Darin Balaam and the Washoe County
9  Sheriff's office -- cruel and unusual punishment
10 and racial discrimination, all in violation of
11 the U.S. Constitution. Plaintiff also charges a
12 claim for intentional infliction of emotional distress.

13 <u>Cause of Action for Cruel and Unusual Punishment</u>
14 Plaintiff incorporates all preceding and following
15 paragraphs. For the past 5 months, with the
16 exception of the 6 days Ms. Smith received boost
17 and 3 days in which Ms. Smith received 1 meal
18 from Burger Barn (both instances can be considered
19 lucky coincidences), Ms. Smith has been relegated
20 to receiving only dinner. On top of that, the
21 dinner portions at the Washoe County jail are
22 approximately half of the portion size of 1
23 federal meal. Despite knowing that Ms. Smith
24 would only eat dinner due to the issues addressed
25 herein, staff would still throw the lunch bag
26 through the slot or continue to ask if Ms. Smith

(6)

1  wanted the breakfast/lunches knowing they made
2  her sick.
3  As of 11/3, Ms. Smith had lost 32 lbs and, as of today,
4  it can be estimated that this number has climbed.
5  Ms. Smith is, by definition, being starved and
6  psychologically/physically tortured as if she is an
7  enemy combatant to the United States (these were
8  tactics used by the U.S. military at Abu Ghraib).
9  For Sheriff Balaam and the Washoe County Sheriff's
10 office to:
11 a) be aware of Ms. Smith's diet issues with breakfast/lunch
12 b) be aware that the dinner portions alone were not
13    enough to maintain Ms. Smith's health/weight
14 c) have the means to supplement Ms. Smith's diet with
15    boost or peanut butter/jelly sandwiches or ham/
16    bread or just bread or unrestriction from the
17    commissary
18 and instead continue to ignore Ms. Smith's requests
19 is cruel and unusual punishment under the 8th
20 Amendment.
21 Cause of Action For Racial Discrimination
22 Plaintiff incorporates all preceding and following
23 paragraphs.
24 Sheriff Balaam and the Washoe County Sheriff's
25 Office are starving and torturing Ms. Smith with
26 racial discriminatory intent. The only reason that
27 Ms. Smith is being denied ANY form of diet

(7)

1  supplement because she is a black female.
2  Ms. Smith's treatment is not their standard
3  of treatment for their non-black/brown inmates
4  who have dietary issues and receive tailored
5  diets for breakfast, lunch, and dinner (and Ms. Smith
6  was only requesting something for lunch to tide
7  her through until dinner). In addition, the facility
8  and the Sheriff cited no other reasons for not
9  providing Plaintiff with a meal supplement (instead
10 just choosing to ignore Plaintiff.
11 Plaintiff assumes that the court and society
12 are smart enough to recognize that acts of
13 blatant racism are far and few today compared
14 to 1940, but that systemic and less explicit
15 forms of racism do still exist (as in this case).
16 Cause of Action for Intentional Infliction of Emotional Distress
17 Plaintiff incorporates all preceding and following
18 paragraphs. Plaintiff has suffered many forms of
19 prisoner mistreatment. However, this is the worse and
20 Plaintiff refuses to continue on like this in these
21 United States of America. Sheriff Balaam's and the
22 Washoe County Sheriff's Office's treatment of Plaintiff
23 is beyond the pale of human decency. Plaintiff has
24 watched as her bones have begun to show through
25 her skin in the past 5 months. Plaintiff has listened
26 to her stomach grumble during the 24 hrs inbetween
27 each dinner meal.

(8)

Plaintiff [felt the pain of starvation and has] had little physical/mental energy to go about her daily routine.

## Relief/Damages

1. Plaintiff requests that the court grant her any costs/fees associated with bringing this action.

2. Plaintiff requests that the court grant her $2 in punitive damages - $1 from Sheriff Balaam and $1 from the Washoe County Sheriff's office.

3. Finally Plaintiff requests emergency declatory and injunctive relief in order to stop further significant weight loss, psychological and physical damage by compelling Sheriff Balaam and the Washoe County Sheriff's office to:
   - Provide Plaintiff with an alternative breakfast and lunch while maintaining her regular dinner
   - Provide Plaintiff with either liquid boost supplement (not powdered boost as it is not enough) 1-2 times a day (the easiest option) OR peanut butter/jelly sandwiches OR ham/bread OR just bread OR unrestriction from commissary (All of which they can provide in the kitchen).

Plaintiff is supposedly scheduled to be moved to the Bureau of Prisons for a period of time for "health evaluations" that she doesn't need (just a means of further prolonging an unconstitutional detention), but still finds injunctive/declatory relief to be appropriate

(9)

as she will be returned to Washoe County afterwards. If Plaintiff is no longer in Washoe and needs to be contacted regarding this action; Plaintiff's attorneys can be reached, for forwarding instructions, at 601 S. Las Vegas Blvd. Las Vegas, NV 89101.

dated this 2nd day of December 2022

Latonia Smith

(10)