Latonia Smith
2190 E. Mesquite Ave.
Pahrump, NV 89060

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Latonia Smith,
    Plaintiff

-vs-

Darin Balaam,
S. Johnson, and
I. Barrera,
    Defendants

Case No. 3:22-cv-00539

**First Amended Complaint**

DEC 11 2023
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

1 This case requires reassignment by the Ninth Circuit since all Nevada
2 judges have recused themselves from dealing with Ms. Smith
3 (plaintiff), claiming to be victims of free speech.

4 <u>Introduction</u>

5 Plaintiff (Smith) is currently a Las Vegas, Federal, political prisoner
6 being held in Reno, NV at the Washoe County Jail for reasons
7 unknown. According to the federal statutes Smith is charged with,
8 Supreme Court opinion, and the laws of the U.S. Constitution, Smith
9 committed no crime, yet the district judge refuses to release her
10 from detention (a matter being taken up with the appellate court). It is
11 believed that since conditions at the county jail are drastically worse
12 than federal detention, Smith is being held there as a form of racially-
13 motivated punishment. Hence, the backdrop to this current lawsuit.

14 <u>Background</u>

15 On July 18, 2022 Plaintiff was removed from Federal Detention at

(1)

1  Nevada Southern Detention Center, in Pahrump, NV and transported to the
2  Washoe County jail. Upon arrival at Washoe County, Plaintiff was not
3  given a meal for the next 24 hours. Plaintiff was given breakfast and
4  lunch the next day, both of which she threw up after feeling ill. Plaintiff
5  did not eat dinner that day or for the next 3 days due to being ill. Since
6  Plaintiff could not identify whether it was breakfast or lunch that
7  caused her to become ill, 3 days later she only consumed breakfast.
8  Plaintiff became ill and threw up. Plaintiff did not eat for the rest of
9  the day or for the next 3 days. After 3 days, Plaintiff skipped
10 breakfast and just ate the lunch. Plaintiff again became ill and threw
11 up. Plaintiff did not eat for the rest of the day or the next 8 days.
12 Since the facility was changing systems, Plaintiff could not put in a
13 grievance so she requested boost from officers in Housing unit 3.
14 Plaintiff's requests were ignored until 1 officer who became
15 concerned ordered liquid boosts for Plaintiff. Plaintiff got 1
16 boost for breakfast, 1 boost for lunch, and ate the regular dinner
17 trays (after skipping breakfast and lunch and just having dinner, Plaintiff
18 had no dietary issues with dinner). This arrangement lasted only for 6
19 days because someone on top decided that Smith should not have boost
20 and should starve. Plaintiff only had dinner as a food option.
21 When the facility's system was back up and running (a few days
22 later), Plaintiff went to see if she could purchase her own food from
23 commissary. Plaintiff was restricted. Plaintiff contacted medical through
24 a kiosk request in July 2022 (or early August 2022) to see why she could
25 not order and was told that it's "a privilege she doesn't have."
26 After randomly hitting a tab that said 'special', Plaintiff found that
27 she could order from an over-priced specialty place called Burger Barn,
28 although she could not order regular commissary Plaintiff ordered 1

(2)

1  meal approximately 5 times, in the month of August. She was then
2  restricted after the people on top saw that Plaintiff was not further
3  restricted from ordering from Burger Barn. Plaintiff was back to only
4  having dinner as a food option. Plaintiff actively sought to internally
5  remedy the issues. On 9/7 at 7:59 P.M. Plaintiff sent a request to medical
6  for liquid boost 1-2 times a day. Plaintiff got no response. On 10/9 at
7  7:45 A.M. Plaintiff sent a second medical request for boost 1-2 times a day
8  explaining her dietary issue and the significant weight loss she was experiencing.
9  On 10/11 at 7:55 P.M. I. Barrera responded that it was not a medical
10 concern. On 10/12 at 8:07 A.M. Plaintiff sent a third medical request for
11 boost arguing that it was a medical concern. On 10/13 at 11:13 P.M.
12 S. Johnson responded that it was not a medical concern. On 10/12
13 at 8:12 A.M. Plaintiff filed a grievance concerning her dietary issues
14 with breakfast and lunch. Plaintiff once again requested boost or
15 an alternative meal for lunch—peanut butter/jelly, ham/bread, just bread,
16 or unrestriction from commissary (all options Plaintiff is aware are
17 available at the facility). Plaintiff only asked to supplement lunch as
18 not to complicate matters. There was no response (the grievance was
19 set to pending and is still pending this day). On 10/15 at 8:24 A.M.,
20 Plaintiff filed a new grievance with the same facts. On 10/17 at 12:01
21 A.M. Deputy M. Riaz set to have the issue transferred. The grievance was
22 set to pending and is still pending this day. On the morning of 10/31,
23 Plaintiff's mom called the facility explaining the same issue, and
24 spoke to the sergeant on shift who informed Plaintiff's mom that
25 Plaintiff was not restricted from commissary and could buy her own food.
26 Plaintiff attempted to buy her own food after this and was restricted.
27 On 11/3 Plaintiff was weighed and had lost 32 lbs since arriving at the
28 facility. Still nothing was done. Plaintiff informed her mom and sent a
29 request on 11/16 at ~11:00 A.M. requesting to order her own food.

1  The request was set to pending and is still pending this day. On the
2  morning of 11/17, Plaintiff's mom called the sergeant on duty again. Plaintiff's
3  mom was once again informed that Plaintiff could order food from the
4  commissary. After another attempt order by Plaintiff, this was found to be
5  untrue. On 11/17 at 10:03 A.M Plaintiff gave notice to Sheriff Balaam and the
6  facility that she would file suit if she continued to be ignored. On 11/28
7  Plaintiff was informed by inmates to try requesting a veggie lunch
8  since it provides for plain bread (one of Plaintiff's alternative meal
9  suggestions). On 11/30 Plaintiff made a final attempt requesting a veggie
10 lunch and was told that her request would be denied. Plaintiff charges two
11 §1983 claims against Sheriff Darin Balaam, J. Johnson, and I. Barrera --
12 cruel and unusual punishment and racial discrimination, all in violation
13 of the U.S. Constitution. Plaintiff also charges a claim for intentional
14 infliction of emotional distress

15 <u>Cause of Action for Cruel and Unusual Punishment (changed to 14th</u>
16 <u>Amendment Equal Protection)</u>

17 Plaintiff incorporates all preceding and following paragraphs. For the past
18 5 months, with the exception of the 6 days Ms. Smith received boost and
19 3 days in which Ms. Smith received 1 meal from Burger Barn (both
20 instances can be considered lucky coincidences), Ms. Smith has been relegated
21 to receiving only dinner. On top of that, the dinner portions at the Washoe
22 County jail are approximately half of the portion size of 1 federal meal.
23 Despite knowing that Ms. Smith would only eat dinner due to the issues
24 addressed herein, staff would still throw the lunch bag through the slot
25 or continue to ask if Ms. Smith wanted the breakfast/lunches knowing they
26 made her sick. As of 11/3 Ms. Smith had lost 32 lbs and as of today it can
27 be estimated that this number has climbed. Ms. Smith is by definition being
28 starved and psychologically/physically tortured as if she is an enemy combatant to
29 the United States (these were tactics used by the U.S. military at Abu Ghraib). For
30 Sheriff Balaam, J. Johnson, and I. Barrera to

(4)

1  (a) be aware of Ms. Smith's diet issues with breakfast/lunch
2  (b) be aware that the dinner portions alone were not enough to maintain Ms. Smith's
3  health/weight
4  (c) have the means to supplement Ms. Smith's diet with boost or peanut butter/
5  jelly sandwiches or ham/bread or just bread or unrestriction from the commissary
6  and instead continue to ignore Ms. Smith's requests is cruel and unusual
7  punishment.
8  Cause of Action for Racial Discrimination
9  Plaintiff incorporates all preceding and following paragraphs. Sheriff Balaam,
10  S. Johnson, and I. Barrera are starving and torturing Ms. Smith with racial
11  discriminatory intent. The only reason that Ms. Smith is being denied ANY form
12  of diet supplement is because she is African American. Ms. Smith's treatment is
13  not their standard of treatment for their non-black/brown inmates who have
14  dietary issues and receive tailored diets for breakfast, lunch, and dinner (and
15  Ms. Smith was only requesting something for lunch to tide her through until
16  dinner). In addition, the facility and the Sheriff cited no other reasons for
17  not providing Plaintiff with a meal supplement (instead just choosing to
18  ignore Plaintiff. Plaintiff assumes that the court and society are smart
19  enough to recognize that acts of blatant racism are far and few today
20  compared to 1940, but that systemic and less explicit forms of racism do
21  still exist (as in this case).
22  Cause of Action for Intentional Infliction of Emotional Distress
23  Plaintiff incorporates all preceding and following paragraphs. Plaintiff
24  has suffered many forms of prisoner mistreatment. However, this is the worse
25  and Plaintiff refuses to continue on like this in these United States of
26  America. Sheriff Balaam's, S. Johnson's, & I. Barrera's treatment of Plaintiff is
27  beyond the pale of human decency. Plaintiff has watched as her bones have
28  begun to show through her skin in the past 5 months. Plaintiff has listened to her
29  stomach grumble during the 24 hrs in between each dinner meal. Plaintiff
30  has had little physical/mental energy to go about her daily routine.

(5)

Relief/Damages

(a) Plaintiff requests that the court grant her any cost/fees associated with bringing this action

(b) Plaintiff requests $25,000 for each defendant, S. Johnson and I. Barrera in compensatory damages

(c) Plaintiff requests $150,000 for each defendant, S. Johnson and I. Barrera in punitive damages

(d) Plaintiff requests that the court grant her $1 in punitive damages from Sheriff Darin Balaam

(e) Finally Plaintiff requests emergency declatory and injunctive relief in order to stop further significant weight loss, psychological, and physical damage by compelling Sheriff Balaam and the Washoe County Sheriff's office to:

- provide Plaintiff with an alternative breakfast and lunch while maintaining her regular dinner
- provide Plaintiff with either liquid boost supplement (not powdered boost as it is not enough) 1-2 times a day (the easiest option) OR peanut butter/jelly sandwiches OR ham/bread OR just bread OR unrestriction from commissary (all of which they can provide in the kitchen).

Plaintiff is supposedly scheduled to be moved to the Bureau of Prisons for a period of time for "health evaluations" that she doesn't need (just a means of further prolonging an unconstitutional detention) but still finds injunctive/declatory relief to be appropriate. If Plaintiff is no longer in Washoe and needs to be contacted regarding this action Plaintiff's attorneys can be reached for forwarding instructions at 601 S. Las Vegas Blvd, Las Vegas, NV 89101.

dated this 7th day of December 2023

Latonia Smith